

NOV 0 1 2018

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: |
| v. | Violation: 15 U.S.C. § 1 |
| AKIL KURJI, | |
| Defendant. | 18 CR 655 |

## INFORMATION

(15 U.S.C. § 1)

The United States of America, acting through its attorneys, charges that:

### DEFENDANT AND CO-CONSPIRATORS

1. During the period covered by this Information, Akil Kurji ("Defendant") was the owner of Gennex Media LLC d/b/a Brandnex.com and PMGOA ("Gennex"). Gennex is a corporation organized and existing under the laws of Texas, with its principal place of business in Houston, Texas.

2. During the period covered by this Information, Gennex was an online retail company engaged in the sale of customized promotional products, including wristbands, lanyards, temporary tattoos, and buttons, in the United States and elsewhere.

3. Various corporations and individuals, not made defendants in this Information, participated as co-conspirators to commit the offense charged in this Information and performed acts and made statements in furtherance of it.

4. Wherever this Information refers to any act of any corporation, the allegation means that the corporation engaged in the act by or through its officers, directors, employees,

agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of that corporation's business.

## DESCRIPTION OF THE OFFENSE

5. From at least as early as May 2014 and continuing until at least June 2016, the exact dates being unknown to the United States, the Defendant and his co-conspirators knowingly entered into and engaged in a conspiracy with other persons and entities engaged in the sale of customized promotional products, including wristbands, lanyards, temporary tattoos, and buttons, sold in the United States and elsewhere, in violation of the Sherman Antitrust Act, 15 U.S.C § 1.

6. The charged conspiracy consisted of a continuing agreement, understanding, and concert of action among the Defendant and his co-conspirators, the primary purpose of which was to suppress and eliminate competition by fixing and maintaining prices of customized promotional products, including wristbands, lanyards, temporary tattoos, and buttons, sold in the United States and elsewhere.

7. The Defendant and his co-conspirators took actions, including those described in Paragraph 8, in furtherance of this conspiracy in the Southern District of Texas and elsewhere.

## MEANS AND METHODS OF THE CONSPIRACY

8. For the purpose of forming and carrying out the charged conspiracy, the Defendant and his co-conspirators, among other things:

    (a) attended meetings or otherwise communicated, including via text and online messaging platforms, regarding pricing for the online sale of customized promotional products in the United States and elsewhere;

(b) agreed during those meetings and other communications to fix and maintain prices for the online sale of customized promotional products in the United States and elsewhere;

(c) sold customized promotional products in the United States and elsewhere at collusive and noncompetitive prices; and

(d) accepted payment for customized promotional products sold in the United States and elsewhere at collusive and noncompetitive prices.

## TRADE AND COMMERCE

9. During the time period covered by this Information, the business activities of the Defendant and his co-conspirators that are the subject of this Information were within the flow of, and substantially affected, interstate and foreign trade and commerce. For example, Gennex and its co-conspirators bought the equipment and supplies necessary to produce and distribute customized promotional products, including wristbands, lanyards, temporary tattoos, and buttons from various states in the United States and from foreign countries. Gennex and its co-conspirators sold substantial quantities of customized promotional products, including wristbands, lanyards, temporary tattoos, and buttons to customers located in various states in the United States, and shipped those customized promotional products to those customers. In addition, payments Gennex and its co-conspirators made and received for customized promotional products and the materials and equipment used to manufacture those products traveled in interstate and foreign commerce.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:
Dated:

_/s/_

MAKAN DELRAHIM
Assistant Attorney General
Antitrust Division
United States Department of Justice

_/s/_

ANDREW C. FINCH
Principal Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_/s/_

RICHARD POWERS
Acting Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_/s/_

MARVIN N. PRICE, JR.
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_/s/_

RYAN K. PATRICK
United States Attorney
Southern District of Texas

VERNON LEWIS
Deputy Criminal Chief, Fraud Section
Southern District of Texas

_/s/_

RYAN DANKS
Acting Chief, Washington Criminal I Section
Antitrust Division
United States Department of Justice

_/s/_

JUSTIN P. MURPHY
TIANA L. RUSSELL
DANIELLE M. GARTEN
LAUREN M. ELFNER
Attorneys, Washington Criminal I Section
Antitrust Division
United States Department of Justice
450 5th St. NW, Suite 11300
Washington, DC 20530